Thomas M. Richardson, Bar No. 018582
TMRLit@friedlrichardson.com
Richard Langerman, Bar No. 009175
richard@friedlrichardson.com
**FRIEDL RICHARDSON**
13633 N. Cave Creek Road
Phoenix, Arizona 85022
(602) 553-2220
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Norma Lee,** | **NO. CV-22-01710-PHX-JJT** |
| **Plaintiff,** | |
| **vs.** | **PLAINTIFF'S MOTION FOR REMAND** |
| **Farm Bureau Property & Casualty Insurance Company and ABC Companies 1-5,** | |
| **Defendants.** | |

Plaintiff hereby moves for an Order remanding this matter back to the Superior Court of the State of Arizona.  This motion is made pursuant to 28 U.S.C. §1447(c) insofar as Defendant has not met its burden to prove that this Court has subject matter jurisdiction over this matter.  Specifically, Defendant has failed to establish that the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. §1332.  This motion is supported by the following Memorandum of Points and Authorities.

**Introduction.**

In her Complaint Plaintiff did not allege any specific dollar amount of claimed damages.  Rather, Plaintiff generally alleged economic and emotional damages.  Additionally, in her prayer for relief, Plaintiff did not specify any amount of damages.  In its Notice of Removal Defendant asserts that the amount in controversy exceeds $75,000.00.  *See* Notice of Removal at ¶3 [Document 3].  However, Defendant has failed to provide the court with any evidentiary foundation to support its assertion regarding the amount in controversy.

**The Allegations of Plaintiff's Complaint.**

In her Complaint Plaintiff alleged that she was injured in a car crash in September of 2019. *See* Plaintiff's Complaint at ¶6.[1]  Additionally, Plaintiff alleged that the September 2019 crash was caused by a driver who had inadequate insurance to compensate Plaintiff for her injuries and damages. *Id.* at ¶6, 8.  In September 2019 Plaintiff was insured by Defendant. *Id.* at ¶5.  Because the adverse driver was underinsured, Plaintiff submitted a claim for underinsured motorist (UIM) benefits to Defendant. *Id.* at ¶10.  However, Defendant denied Plaintiff's claim for UIM benefits. *Id.* at ¶13.

In her Complaint Plaintiff alleges that there was no reasonable basis for Defendant's denial of her claim for benefits. *Id.* at ¶14.  Additionally, Plaintiff has alleged that Defendant breached its duty of good faith when it denied her claim for benefits. *Id.* at ¶22.  While Plaintiff has alleged that Defendant wrongfully denied her claim for benefits, she did not allege any specific amount of damages.  Rather, Plaintiff generally alleged that she "suffered anxiety and emotional suffering" as a result of Defendant's wrongful conduct. *Id.* at ¶24.  Additionally, Plaintiff alleged that she suffered unspecified "economic harm including increased attorneys' fees and expenses" as a result of Defendant's wrongful conduct. *Id.* at ¶25.  Nowhere in Plaintiff's complaint is any itemization or amount of damages identified.

In accordance with Ariz. R. Civ. P. 26.2 Plaintiff included an allegation in her Complaint that "the characteristics of this case are consistent with a Tier 2 designation of Rule 26.2, Ariz. R. Civ. P., as there will be more than minimal documentary evidence and more than a few witnesses." *Id.* at ¶27.  Plaintiff also alleged: "This case is likely to include expert witnesses and the monetary damages are not likely to exceed $300,000." *Id.*

**The Law.**

To establish removal jurisdiction under 28 U.S.C. §1441(a) a defendant must show that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."  Section 1441 is strictly construed against removal jurisdiction. *Gaus v. Miles*, 980 F.2d

---

[1]  A copy of Plaintiff's complaint is attached as an Exhibit to Defendant's Notice of Removal.

564, 566 (9th Cir. 1992). There is a "strong presumption" against removal and "federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Id.* The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Where there is any doubt regarding the right to removal, the case should be remanded to the state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Where a complaint does not demand a specific dollar amount, the defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Id.; see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). If it is unclear what amount of damages the plaintiff has sought, then the defendant has the burden of proving the facts to support jurisdiction. *Gaus, supra.,* 980 F.2d at p. 566-567; *see also McNutt v. GM Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.")

Because it is not facially evident from Plaintiff's Complaint that the amount in controversy exceeds $75,000.00, Defendant is required to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Conclusory allegations cannot overcome the "strong presumption" against removal jurisdiction and do not satisfy the burden of setting forth facts supporting an assertion that the amount in controversy exceeds the applicable damages requirement. *Gaus, supra.*, 980 F.2d at 567. To satisfy the preponderance of the evidence test for jurisdiction, Defendant must present summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Valdez, supra.,* 372 F.3d at 1117.

**Defendant Has Failed to Establish Facts Supporting the Court's Jurisdiction.**

The only "evidence" submitted by Defendant to support its allegation of diversity jurisdiction is a statement by counsel in Defendant's Notice of Removal that "the matter in controversy exceeds the sum or value of $75,000." *See* Notice of Removal at ¶10. While defense counsel asserts that the damages in the case exceed the jurisdictional requirement for this court,

**there is no evidence** to support this assertion.   As the Ninth Circuit explained in a similar situation:

> This allegation ['the matter in controversy exceeds the sum of $50,000'], although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [defendant's] burden of setting forth, in the removal petition, the *underlying facts* supporting its assertion that the amount in controversy exceeds $50,000.

*Gaus, supra.,* 980 F.2d at 567.  (emphasis in the original).

**Conclusion.**

Because Defendant has failed to establish the facts supporting the court's jurisdiction, the case should be remanded to the state court for further proceedings.

RESPECTFULLY SUBMITTED this 13th day of October, 2022.

FRIEDL RICHARDSON

By:  */s/ Richard Langerman*
Thomas M. Richardson
Richard Langerman
13633 North Cave Creek Road
Phoenix, AZ 85022
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:  Ryan J. McCarthy, Josh M. Snell and Brian J. Ripple at Jones, Skelton & Hochuli, PLC, counsel for Defendant, at rmccarthy@jshfirm.com, jsnell@jshfirm.com, and bripple@jshfirm.com.

By: /s/ Heidi Reilly