Ryan J. McCarthy, Bar #020571
Josh M. Snell, Bar #021602
Brian J. Ripple, Bar #033997
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1783
Fax: (602) 200-7878
rmccarthy@jshfirm.com
jsnell@jshfirm.com
bripple@jshfirm.com

Attorneys for Defendant Farm Bureau
Property & Casualty Insurance Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Norma Lee, | No. CV-22-01710-PHX-JJT |
| Plaintiff, | **Answer of Defendant Farm Bureau Property & Casualty Insurance Company** |
| v. | |
| Farm Bureau Property & Casualty Insurance Company and ABC Companies 1-5, | |
| Defendants. | |

Defendant Farm Bureau Property & Casualty Insurance Company ("Defendant"), for its Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

1.      Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint are not directed at this Defendant, and therefore no response is required. To the extent that a response is required, this Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 3, and therefore denies the same.

11040946.1

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint. Defendant affirmatively alleges that while it is a corporation doing business in Arizona, its principal place of business is in the State of Iowa. Defendant further alleges that the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. As a result of this, Defendant alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5. Defendant admits that Plaintiff had a policy of insurance with Defendant that afforded underinsured motorist coverage in the amount of $100,000.00.

6. Defendant admits only that on or around September 17, 2019, Plaintiff was involved in a motor vehicle accident with non-party Martin Lang and sustained certain personal injuries as a result. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that Plaintiff incurred certain expenses for medical treatment as a result of the negligence of non-party Martin Lang, but affirmatively allege that the entirety of damages claimed were not reasonable expenses of necessary medical care, treatment, and services rendered as a result of the subject accident.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

2

11040946.1

14.    Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    Defendant admits that on or around August 23, 2022, Plaintiff sent a letter requesting information regarding the statute of limitations and request for arbitration.

20.    Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.    Defendant affirmatively alleges that while it is a corporation doing business in Arizona, its principal place of business is in the State of Iowa.  Defendant further alleges that the amount in controversy exceeds the sum or value of $75,000.00

3

11040946.1

exclusive of interest and costs. As a result of this, Defendant alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

27.     Defendant is without sufficient information or knowledge as to the truth of the matters alleged in Paragraph 27 of Plaintiff's Complaint.  Without admitting that Plaintiff's damages are such as to qualify for Tier 2 under Rule 26.2(b)(2) of the Arizona Rules of Civil Procedure, Defendant does not dispute that the discovery rules for Tier 2 are applicable in this case.

28.     Defendant denies each and every allegation of Plaintiff's Complaint not expressly admitted or otherwise addressed herein.

**AFFIRMATIVE DEFENSES**

1.     As and for a separate defense and, in the alternative, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     As and for a separate defense and in the alternative, Defendant alleges that at all times it acted in good faith and in accordance with the terms and provisions of the policy of insurance.

3.     As and for a separate defense and, in the alternative, Defendant states that Plaintiff's claims were subject to the terms and conditions of the policy.

4.     As and for a separate defense, and in the alternative, Plaintiff is not entitled to prejudgment interest on any damages awarded since these damages, if any, are not liquidated.

5.     As and for a separate defense and, in the alternative, Defendant states that Plaintiff may have failed to take any action to mitigate her damages, should they exist, under the policy and, as such, she is in breach of their duty to mitigate.

6.     As and for a separate defense and, in the alternative, Defendant alleges that Plaintiff may have been negligent and/or any injuries received by the Plaintiff were the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than the Defendant, all of which bars recovery to Plaintiff herein from Defendant.

4

11040946.1

7.    As and for a separate defense and, in the alternative, Defendant states that the imposition of punitive damages under Arizona law violates the Equal Protection Clause of the Fifth and Fourteenth Amendment of the United States Constitution, as well as the Contract Clause, in each of the following ways.

8.    Arizona law permits the imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injuries thereby violating the Fourteenth Amendment of the United States Constitution.

9.    Disproportionate punitive damages constitute an arbitrary and capricious taking of property which is unjustified by any rational governmental interest thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

10.    The award of punitive damages without certain safeguards to guard the jury's discretion in determining the amount of damages is contrary to due process under the Fourteenth Amendment of the United States Constitution.

11.    Arizona does not provide a reasonable limit on the amount of any punitive damage award thus violating the Fourteenth Amendment of the United States Constitution.

12.    The substantive standard of liability under which punitive damages are sought in this case are ambiguous, subjective and not reasonably ascertainable and are thus void for vagueness under the Fourteenth Amendment of the United States Constitution.

13.    Arizona law permits civil punishment upon a standard or proof less than is required for the imposition of criminal sanctions.

14.    Arizona law permits multiple awards of punitive damages for the single alleged act or omission.

15.    Although Defendant does not presently have specific facts in support of the remaining defenses, it wishes to put counsel for Plaintiff on notice that it hereby raises the affirmative defenses set forth in Rule 8(c), Federal Rules of Civil Procedure, which, through subsequent discovery, may indeed be supported by the facts.

5

11040946.1

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that the same be dismissed with prejudice, and that Plaintiff takes nothing thereby, Defendant be awarded its costs and fees incurred herein, pursuant to A.R.S §12-341.01, and for such other and further relief as to this Court seems just in the premises.

DATED this 13th day of October, 2022.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Ryan J. McCarthy
    Ryan J. McCarthy
    Josh M. Snell
    Brian J. Ripple
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendant Farm Bureau
    Property & Casualty Insurance Company


## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Thomas M. Richardson
Richard Langerman
FRIEDL RICHARDSON
13633 N. Cave Creek Road
Phoenix, Arizona 85022


/s/ Mary Creed

11040946.1